UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WAYNE LEE PALMER, | Case No. 21-CV-1980 (MJD/JFD) |
| Petitioner, | |
| v. | ORDER AND<br>REPORT AND RECOMMENDATION |
| UNITED STATES, | |
| Respondent. | |

In this action, Petitioner Wayne Lee Palmer, presently being held at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"), challenges his civil commitment. That civil commitment arises from a federal criminal case in the U.S. District Court for the Middle District of Louisiana ("USDC-MDLA"), *United States v. Palmer*, No. 3:05-CR-0121 (LMA/LM) (M.D. La.). As its case number suggests, that matter has been ongoing since 2005—almost seventeen years. Unsurprisingly, that action's procedural history is long and complex; this Court will not attempt to summarize it here.[1]

As for this action, it comes before the Court on Petitioner Wayne Lee Palmer's (1) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 5 ("Amended Petition")); (2)–(3) motions seeking the appointment of counsel (Dkt. Nos. 11, 19);

---

[1] (*See generally* Docket, *United States v. Palmer*, No. 3:05-CR-0121 (LMA/LM) (M.D. La.) (encapsulating full history); Mot. to Dismiss Mot. to Set Hr'g, *United States v. Palmer*, No. 3:05-CR-0121 (LMA/LM) (M.D. La. Sept. 7, 2021) (providing brief account with emphasis on recent activity) (included at Dkt. No. 13-23).)

(4) filing titled "Motion for Semi-Annual Unconditional Release Discharge Pursuant [to 18 U.S.C. § 4247(h)]" (Dkt. No. 18 ("§ 4247(h) Motion")); and (5) filing titled "Request Hearing" (Dkt. No. 20 ("Hearing Motion")). For the following reasons, the Court denies Palmer's counsel-appointment motions; recommends denying the Petition and the § 4247(h) Motion; and recommends denying the Hearing Motion as moot.

I.   **BACKGROUND**

This Court received Palmer's original petition in this action on September 3, 2021. (*See* Dkt. No. 1.) On September 21, 2021, Magistrate Judge Katherine M. Menendez ordered Palmer to submit an amended petition better complying with Rule 2(d) of the Rules Governing § 2254 Cases in the U.S. District Courts. (*See* Order 3, Dkt. No. 4.[2]) Palmer submitted the Amended Petition (as well as a memorandum in support) on September 30, 2021. (*See* Am. Pet.; *see also* Mem. in Further Support of Amendment to Pet. for Writ of Habeas Corpus, Dkt. No. 6 ("Memorandum").)

As noted above, the Amended Petition challenges Palmer's civil commitment imposed in *United States v. Palmer*, No. 3:05-CR-0121 (LMA/LM). It presents one ground for challenge: Palmer states that he "has been civilly committed [for] over sixteen years" even though he has a "criminally clean slate." (Am. Pet. 7.) For its part, the Memorandum suggests that Palmer's continued custody violates "due process rights" as well as "equal protection of the laws." (Mem. 2.) For relief, Palmer asks that he be released from custody.

---

[2] Citations to materials filed in this action use the page numbers provided by the Court's CM/ECF filing system.

2

(*See* Am. Pet. 8.) He also asks for appointed counsel, as well as a "hearing . . . for further investigation." (*Id.*)

On November 4, 2021, Magistrate Judge Menendez ordered the Government to respond to the Amended Petition within 28 days (that is, by December 2, 2021). (*See* Order 1, Dkt. No. 7 ("November 2021 Order").) The order further stated that, if Palmer wished to reply, he should do so within 28 days of the answer's filing. (*See id.*) On November 29, 2021, Palmer filed a motion requesting the appointment of counsel. (*See* Mot. for Appointment of Attorney 1, Dkt. No. 11.)

On December 2, 2021, the Government submitted its response to the Amended Petition. (*See* Resp. 1.) Under the November 2021 Order, Palmer's reply deadline was December 30, 2021. As of today's date, however, Palmer has not filed a reply. (*See* Dkt.) On December 3, 2021, however, Palmer filed three other items. First, he filed a motion for a "semiannual unconditional release discharge" under 18 U.S.C. § 4247(h). (*See* § 4247(h) Mot.) The Court construes this as a request that this Court order Palmer's release under § 4247(h). Second, Palmer filed another motion asking for appointed counsel. (*See* Mot. for Appointment of an Attorney, Dkt. No. 19.) Finally, he filed a motion requesting a hearing in this action. (*See* Hr'g Mot.)

On December 22, 2021, following Magistrate Judge Menendez's elevation to District Judge, this matter was reassigned (for purposes of magistrate judge duties) to the undersigned. (*See* Clerk's Not. of Reassignment, Dkt. No. 21.)

## II.   ANALYSIS

### A.   Counsel-Appointment Motions

Given this action's history, and that of Palmer's criminal action, analysis of this action's pending motions is relatively straightforward. The Court will begin with Palmer's motions for the appointment of counsel. District courts may appoint counsel for habeas petitioners "'when the interests of justice so require.'" *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (quoting *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)); *see also* 18 U.S.C. § 3006A(a)(2)(B) (statutory provision permitting appointment). When deciding whether to appoint counsel in a case like this, the court should consider "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard*, 29 F.3d at 471 (citing cases); *see also, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021) (quoting *Hoggard*).

At this stage of this litigation, the Court does not believe that this action is factually or legally complex. Nor does it appear to the Court that Palmer is unable to investigate this action's facts or present his arguments to the Court. Furthermore—and perhaps most importantly—Palmer, while proceeding *pro se* here, already has counsel who has actively litigated his claims in his criminal matter. At this point, then, the Court concludes that appointing counsel would not substantially benefit the Court. The Court therefore denies Palmer's requests for the appointment of counsel.

**B.    Amended Petition**

The Court will next consider the Amended Petition itself. Palmer brings this action as a petition for habeas corpus under 28 U.S.C. § 2241. (*See* Am. Pet. 1.) Under 28 U.S.C. § 2241(c)(3), a court may issue a writ of habeas corpus for a "prisoner" who is "in custody in violation of the Constitution or laws or treaties of the United States." While the habeas statute refers to "prisoner[s]," case law indicates that petitioners can, in appropriate circumstances, challenge civil commitments through habeas. *See, e.g.*, *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004); *Mendez v. Kallis*, No. 20-CV-1084 (WMW/HB), 2020 WL 8083874, at *1 (D. Minn. Sept. 28, 2020), *report and recommendation adopted*, 2021 WL 101124 (D. Minn. Jan. 12, 2021), *aff'd*, 2021 WL 3877935 (8th Cir. Mar. 29, 2021).

But the appropriate-circumstances qualifier here is important: the U.S. Court of Appeals for the Eighth Circuit has said, in a case concerning a commitment under 18 U.S.C. § 4243, that "habeas corpus is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" *Archuleta*, 365 F.3d at 648 (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)). So when an applicable nonhabeas statute provides a petitioner a potential remedy, habeas relief is not appropriate. *Id.* at 648–49. In this case, Palmer has just such an applicable nonhabeas statute: 18 U.S.C. § 4247(h) permits Palmer—"through counsel . . . or his legal guardian"—to "file with the court that ordered [his] commitment a motion for a hearing to determine whether [he] should be discharged" from FMC-Rochester.  Courts in this district have repeatedly noted that "[b]ecause a civilly committed detainee can challenge his commitment directly in the court that committed him, there is another remedy available" to him for purposes of determining whether habeas

5

relief is available. *See Mendez v. United States*, No. 12-CV-0028 (ADM/FLN), 2012 WL 1110125, at *2 (D. Minn. Apr. 3, 2012); *see also Wattleton v. Jett*, No. 11-CV-1396 (JNE/SER), 2011 WL 5176805, at *3 (D. Minn. Oct. 13, 2011) ("The proper venue for an inmate to challenge a civil commitment order is with the court who issued the order."). Palmer is plainly aware of § 4247(h), given his § 4247(h) Motion. Given that Palmer has another potential remedy here, habeas relief is unavailable. The Court thus recommends that Palmer's Amended Petition be denied.

### C. Section 4247(h) Motion

The Court next turns to the § 4247(h) Motion. This motion simply invokes 18 U.S.C. § 4247(h), otherwise presenting no discussion of points not already raised in the Amended Petition. For its part, § 4247 contains various general provisions applied to "offenders with [a] mental disease or defect." Discussing various sorts of civil commitment, § 4247(h) provides, as noted above, that in certain circumstances, "counsel for the [civil committee] or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility[.]"

As the wording here suggests, the § 4247(h) Motion, as presented to this Court, fails for two reasons. First, a § 4247(h) motion cannot be brought by a civilly-committed person himself or herself; it must be filed by the committed person's "counsel" or "legal guardian." *See, e.g.*, *United States v. O'Laughlin*, 934 F.3d 840, 840–41 (8th Cir. 2019); *United States v. Jensen*, No. 16-CV-1661 (SRN/KMM), 2021 WL 1221186, at *1 (D. Minn. Apr. 1, 2021) (citing cases). Here, however, Palmer brings the § 4247(h) Motion *pro se*.

6

Furthermore, this Court is not "the court that ordered [Palmer's] commitment"—the appropriate court for such a motion is the USDC-MDLA. Given these dispositive statutory reasons, the Court recommends denying the § 4247(h) Motion.

### D. Hearing Motion

Given the Court's resolution of the Amended Petition and the § 4247(h) Motion, the Court further recommends that the Hearing Motion be denied as moot.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Wayne Lee Palmer's motions seeking the appointment of counsel (Dkt. Nos. 11, 19) are **DENIED**.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Palmer's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 5), and filing titled "Motion for Semi-Annual Unconditional Release Discharge Pursuant [to 18 U.S.C. § 4247(h)]" (Dkt. No. 18), be **DENIED**.

2. Palmer's filing titled "Request Hearing" (Dkt. No. 20) be **DENIED** as moot.

Dated: March 25, 2022                    __s/ *John F. Docherty*_____
                                         JOHN F. DOCHERTY
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).